IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRIAN HULLETT,                                    )
                                                  )
        Plaintiff,                                )
                                                  )
v.                                                )       Case No. 3:06cv1070
                                                  )
KARL TARTT, individually and in his official      )       Judge Thomas A. Wiseman, Jr.
capacity, STEVE LINDSAY, individually and         )       Magistrate Judge E. Clifton Knowles
in his official capacity, and                     )
CITY OF LAVERGNE, TENNESSEE,                       )
                                                  )
        Defendants.                               )

MEMORANDUM OPINION

Before the Court is Defendant Karl Tartt's Motion for Judgment on the Pleadings, brought pursuant to Rules 12(c) and 12(h)(2) of the Federal Rules of Civil Procedure (Doc. No. 20). The motion has been fully briefed and is ripe for consideration. Defendant Tartt seeks dismissal with prejudice of the federal claims asserted against him by Plaintiff Brian Hullett, and further requests that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims once it has determined that dismissal of the federal claims is warranted.

As set forth below, although the Complaint is inartfully pleaded, the Court nonetheless find that it contains at a minimum the requisite "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and that it provides the defendants with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The Plaintiff has adequately pleaded facts that support his claims for violation of 42 U.S.C. § 1983 and conspiracy to violate § 1983. Defendant Tartt's motion will therefore be denied.

I.      FACTS AND PROCEDURAL HISTORY

According to the facts set forth in Plaintiff's complaint (Doc. No. 1), on November 8, 2005, Defendant Tartt, a police officer for the City of LaVergne, Tennessee, stopped a car driven by Plaintiff Brian Hullett. According to Plaintiff, there was no basis in fact or law for the traffic stop, and thus no probable cause. (Doc. No. 1, ¶¶ 8, 28.) Tartt cited Plaintiff for reckless driving in violation of Tenn. Code

Ann. § 55-10-205 and for not having his driver's license on his person in violation of Tenn. Code Ann. § 55-50-351.

Plaintiff appeared for trial on the traffic citations on December 21, 2006 in the City Court of LaVergne. When the case was called on the docket, Tartt stated that he had decided to dismiss and/or take a *nolle-prosequi* on the citations so that he could instead obtain arrest warrants for Plaintiff, which he later did. Plaintiff alleges that Tartt's boss, LaVergne Police Chief Steve Lindsay, also a defendant in this matter, knew and approved of Tartt's actions, and that his actions were in violation of state law. Plaintiff further alleges that it is common practice for Tartt and Lindsay to take such actions when Tartt's citations are challenged in court.

Tartt obtained two warrants for Plaintiff's arrest on March 23, 2006, the same day that Plaintiff's father was scheduled to appear before the "Board of Mayor and Alderman" for the City of LaVergne, presumably to complain about Tartt's and Lindsay's actions. One of the warrants that Tartt obtained was for reckless driving, which corresponded to one of the original citations, but the other warrant was for driving without a license in violation of Tenn. Code Ann. § 55-50-301,[1] which was a different charge than the one in the original citation.[2] Plaintiff claims that when Tartt swore out warrants for reckless driving and driving without a driver's license, Tartt knew that there was no probable cause to support either charge "as the basis for the arrest [warrants] was fabricated by defendant Tartt." (Doc. No. 1, ¶ 29.) Plaintiff was nonetheless arrested pursuant to these warrants and taken to jail, where he posted bond. When Plaintiff appeared for trial at the General Sessions Court for Rutherford County on July 13, 2006, the charges against him were dismissed pursuant to a Motion for Judgment of Acquittal, without the Plaintiff's being required to put on any proof.

Plaintiff sets forth two federal and four state claims in his Complaint. The federal claims are for violation of 42 U.S.C. § 1983 (the "1983 claims") in connection with both making the initial traffic stop and

---

[1]Plaintiff actually alleges the warrant charged him with driving without a drivers' license in violation of Tenn. Code Ann. § 55-**10**-301 (Doc. No. 1, ¶ 20), which Tartt denies in his answer (Doc. No. 12, ¶ 20). The Court presumes Plaintiff intended to reference Tenn. Code Ann. § 55-**50**-301, which contains a requirement that any person operating a motor vehicle upon the highways of Tennessee have a valid driver license.

[2]The original citation was for not having a driver's license *on his person* in violation of Tenn. Code Ann. § 55-50-351(4).

issuing the traffic citations, and with subsequently obtaining the arrest warrants, and for conspiracy to violate 42 U.S.C. 1983 (the "conspiracy claim"). The state claims include unreasonable seizure in violation of Section 7 of the Tennessee Constitution, malicious prosecution, abuse of process, conspiracy to commit those crimes, and negligent retention and hiring.

Tartt moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and 12(h)(2) on all claims as they apply to him. He contends that Plaintiff's complaint fails to state a claim for violation of § 1983 or for conspiracy to violate § 1983, and that the federal claims against him should therefore be dismissed. He further contends that the state claims should be dismissed because dismissing the federal claims will eliminate any substantial reason for continuing to exercise supplemental jurisdiction over the state claims. Because Plaintiff has successfully pleaded claims for violation of § 1983 and for conspiracy to violation § 1983, Tartt's motion must be denied.

## II.    STANDARD OF REVIEW

Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." When a Rule 12(c) motion is premised upon an argument that the nonmovant has failed to state a claim upon which relief may be granted, the 12(c) motion is subject to the basically same standard applied to Rule 12(b)(6) motions.[3] *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006). "When ruling on a defendant's motion to dismiss on the pleadings, a district court 'must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.' " *Id.* (quoting *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir.2001)). The district court, however, need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir.1998)).

_____

[3]Tartt submits with his motion an incomplete set of interrogatory questions served to and answered by the Plaintiff. Plaintiff argues that this interrogatory is not part of the pleadings and that consideration thereof would require treating Tartt's motion as one for summary judgment, pursuant to the last sentence in Rule 12(c). Tartt claims that the interrogatory is for illustrative purposes and is not intended to provide a basis for converting the motion into one for summary judgment. The Court declines to consider the interrogatory in connection with Tartt's motion, and therefore has no need to rule on this matter.

III.    DISCUSSION

    A.    The § 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this right under color of law.  *Jones v. Duncan*, 840 F.2d 359, 361–62 (6th Cir. 1988).  Plaintiff claims that Tartt deprived him of his right not to be subjected to unreasonable seizure in violation of the Fourth Amendment of the United States Constitution (1) when Tartt stopped him without probable cause; and (2) when Tartt obtained the warrants for Plaintiff's arrest knowing that he had no basis for charging Plaintiff with reckless driving or for driving without a valid Tennessee driver's license.[4]  The parties do not dispute that Tartt was acting under color of law; accordingly, the Court addresses only whether Plaintiff was deprived of a constitutional right when Tartt stopped him or when Tartt obtained the warrants for his arrest.

    *(1)    Section 1983 Claim Based on the Traffic Stop*

A traffic stop is reasonable and does not violate the Fourth Amendment so long as the police officer making the stop has probable cause to believe that a traffic violation has occurred or was occurring.  *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993).  Thus, if a plaintiff alleges that an officer lacked such probable cause, then the plaintiff has stated a Fourth Amendment violation and a § 1983 claim.  *Whren v. United States*, 517 U.S. 806, 810 (1996).  Plaintiff alleges that Tartt lacked probable cause—or any "basis in fact or law" at all  (Doc. No. 1, ¶ 8)—to believe that he had committed a traffic violation at the time of the initial traffic stop.  Consequently, Plaintiff has alleged facts supporting a violation of his constitutional rights and, as a result, has stated a valid basis for his § 1983 claim.

    *(2)    1983 Claim Based on Issuance of the Arrest Warrants*

According to Plaintiff, Tartt secured warrants for Plaintiff's arrest by attesting that Plaintiff did not have a valid driver's license and that he was driving recklessly.  Plaintiff asserted in his Complaint that the basis for issuance of the arrest warrants was "fabricated" by Tartt.  In other words, the Complaint, construed in the light most favorable to Plaintiff, alleges that the warrants were based upon intentional

_____

[4]Although it is difficult to tell for sure, it appears Plaintiff does not contest the fact that he did not have a driver's license on his person when Defendant Tartt pulled him over, but he contends Tartt knew when he issued the arrest warrant that he did have issued to him a valid Tennessee driver's license.

misstatements by Tartt, which would make Plaintiff's subsequent arrest a violation of his Fourth Amendment rights and a basis for a § 1983 claim.[5]  *See Franks v. Delaware*, 438 U.S. 154, 165 (1978) (the affiant's subjective truthfulness is a foundation of Fourth Amendment protection).[6]  Again, Plaintiff has alleged facts that support his § 1983 claim.

      **B.    Conspiracy to Violation § 1983**

      Plaintiff also alleges that Tartt and Lindsay engaged in a conspiracy to deprive Plaintiff of his Fourth Amendment rights in violation of 42 U.S.C § 1983 (Doc. No. 1-3, at 6).  A § 1983 conspiracy requires (1) that the alleged conspirators form a plan violate the plaintiff's constitutional rights, (2) that the alleged conspirators share in the objective of the plan, (3) that an overt act be committed in furtherance of the plan, and (4) that the act cause some injury to the plaintiff.  *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003).  Further, a conspiracy claim must be pleaded with particularity; accordingly, conclusory allegations, unsupported by reference to specific facts, are not sufficient to state a claim for conspiracy. *Id.*

      Plaintiff successfully states a claim for conspiracy to violate his constitutional rights.  He alleges that Tartt and Lindsay together engaged in a plan to "punish" Plaintiff and his father by pursuing the warrants for Plaintiff's arrest (Doc. No. 1, ¶¶ 43–45.).  Plaintiff further alleges that Tartt committed an overt act in furtherance of the conspiracy when he obtained the warrants by intentionally misrepresenting the facts in the arrest warrants, in violation of his constitutional rights.  Finally, Plaintiff alleges that the issuance of those warrants caused him financial and emotional injury when he was arrested and when he had to answer the charges against him in court.  Accordingly, Plaintiff's allegations satisfy all of the

---

[5]The Court is cognizant of the fact that Plaintiff does not actually deny that he engaged in reckless driving.  Instead, he alleges that Defendant Tartt fabricated the basis for both the initial traffic stop and the basis for having an arrest warrant issued for reckless driving.  Since the Court must at this stage draw all reasonable inferences in Plaintiff's favor, the Court finds that the allegations are sufficient to give rise to an inference that Plaintiff was not engaging in reckless driving and thus that Tartt had no legitimate basis to stop him or to seek an arrest warrant on that basis.

[6]The parties devote substantial portions of their briefs arguing over whether a violation of Tenn. Code Ann. § 40-7-118 can serve as the sole basis for a 42 U.S.C. § 1983 claim.  It cannot.  Such claims must be based on violations of constitutional or federal law.  42 U.S.C. § 1983.  Tenn. Code Ann. § 40-7-118 is a state law; it therefore cannot form the basis of a § 1983 claim.  *Henderson v. Reyda*, 192 Fed. Appx. 392, 397 (6th Cir. 2006).  The issue is irrelevant, however, for the purposes of this motion because, as discussed above, Plaintiff's § 1983 claim is also founded on violation of his Fourth Amendment rights, which is a sufficient basis for his claim.

elements of a claim for conspiracy to violate § 1983. Plaintiff's allegations are not conclusory and are supported by well pleaded facts. Defendant Tartt's motion to dismiss the claim for conspiracy to violate § 1983 therefore fails.

  **C. The State Law Claims**

  Tartt's only argument pertaining to dismissal of Plaintiff's state law claims is that, if the Court dismisses Plaintiff's federal claims, then it should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. For the reasons stated above, the Court will not dismiss Plaintiff's federal claims. The Court will therefore deny Tartt's motion to dismiss the state law claims as well.

**IV. CONCLUSION**

  For the above reasons, Defendant Tartt's motion will denied. An appropriate Order will enter.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge